NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ARNETT L. THOMAS,<br><br>        Plaintiff,<br><br>  v.<br><br>SAMUEL J. PLUMERI, et al.,<br><br>        Defendants. | Civil Action No.: 23-20372<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on *pro se* plaintiff Arnett Thomas's ("Plaintiff") (i) initial complaint (ECF No. 1) and supplemental amended complaint (ECF No. 4) and (ii) application to proceed *in forma pauperis* ("IFP Application") pursuant to 28 U.S.C. § 1915 (ECF No. 1-2). For the reasons set forth below, Plaintiff's IFP Application is hereby granted and, after screening the complaints pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff is hereby ordered to file a single, complete, amended complaint in accordance with the instructions below.

An IFP application "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The Court, accordingly, must review an application and "if convinced that [the applicant] is unable to pay the court costs and filing fees, the [C]ourt will grant leave to proceed [IFP]." *Douris v. Middletown Twp.*, 293 F. App'x 130, 132 (3d Cir. 2008). Here, in support of his IFP Application, Plaintiff submitted a statement of all his assets, income and expenses, as well as an affidavit. *See* ECF Nos. 1-2, 5. The IFP Application is complete and indicates that Plaintiff's monthly income is less than his monthly expenses. IFP Application at 1-2, 4-5. The Court, accordingly, finds that Plaintiff has established indigence and grants the IFP Application.

Also, under 28 U.S.C. § 1915, the Court screens the operative complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may by granted, or because it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). As Plaintiff is proceeding *pro se*, the Court will construe his pleading liberally. *See Caiby v. Ferguson*, 788 F. App'x 830, 831 (3d Cir. 2019) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Here, however, the Court "lacks a clear operative pleading to screen" "because of the manner in which [Plaintiff] presents his claims." *O'Connor v. Reiff*, 2024 U.S. Dist. LEXIS 22065, *6 (E.D. Pa. Feb. 8, 2024). Plaintiff filed an initial complaint on September 13, 2023. ECF No. 1. A week later, Plaintiff filed an "amended supplemental complaint" that purports to be an "amendment [that] supplements the original Complaint where on pages 57 and 58, two Declaratory Judgments were submitted with respect to the controversy." Although Federal Rule of Civil Procedure 15 contemplates amended pleadings, "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* While the Court must liberally construe *pro se* pleadings, "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019). This means that the submission of an amended complaint "effectively constitutes an abandonment of any prior complaints filed by a plaintiff." *Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), report and recommendation adopted, No. 1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012). In this matter, the supplemental amended complaint does not appear to be a stand-alone pleading. Rather, it seems to contain additional allegations to be considered in conjunction with the claims in the

initial complaint.  Accordingly, this Court will allow Plaintiff to file a second amended complaint that is a single, complete document.

Accordingly,

**IT IS**, on this 11th day of September 2024, hereby **ORDERED** as follows:

1.  The IFP Application (ECF No. 1-2) is **GRANTED.**

2.  Having filed both an initial complaint (ECF No. 1) and a supplemental amended complaint (ECF No. 4), Plaintiff shall file a second amended complaint that is a complete document that does not rely on the initial complaint or the supplemental amended complaint within 60 days of the date of this Order.

3.  Once Plaintiff files the second amended complaint, the Clerk's office is directed to issue a summons and the U.S. Marshal is directed to serve a copy of the second amended complaint, summons, and this Order on Defendants.  All costs of service shall be advanced by the United States.

**SO ORDERED**.

*/s/ Claire C. Cecchi*
_____
**CLAIRE C. CECCHI, U.S.D.J.**